**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID LEACRAFT, on Behalf of Himself and All Others Similarly Situated, <br><br>                            Plaintiff, <br><br> v. <br><br><br> CANON U.S.A., INC., <br><br>                         Defendant. | **CLASS ACTION COMPLAINT** <br><br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff David Leacraft ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this class action complaint against Defendant Canon U.S.A., Inc. ("Canon" or "Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

<u>**NATURE OF THE ACTION**</u>

1.     This is a class action brought on behalf of all persons who purchased Canon "All-in-One" Printers.[1] Throughout its marketing and advertising, including on the product packaging for the All-in-One Printers, Canon claims the All-in-One Printers are multifunction, "all-in-one" devices that can print, copy, scan, and in some cases, fax documents. As opposed to the "single function" printers it sells, Canon calls these multifunction devices a "3-in-1" or "4-in-1" for the

---

[1] Upon information and belief, the All-in-One Printers at issue include: MAXIFY GX7020, MAXIFY GX6020, PIXMA TS3520, PIXMA G3260, PIXMA G7020, PIXMA G2260, PIXMA MX330, PIXMA MX452, PIXMA TS9520, PIXMA TR8620, PIXMA TS6420, PIXMA TS6320. PIXMA TR4520, PIXMA MG3620, PIXMA MG 2522, PIXMA TS3320, PIXMA TR7020, PIXMA TS9521C, PIXMA TS8320, PIXMA TR8520, PIXMA TR7520, and any and all predecessor models (the "All-in-One Printers"). Plaintiff reserves the right to amend this list if further investigation and/or discovery reveals that the list should be amended.

fact they purportedly provide three or four functions. In truth, the All-in-One Printers do not scan or fax documents when the devices have low or empty ink cartridges (the "Design Issue"), and Canon's advertising claims are false, misleading, and reasonably likely to deceive the public.

2.     Canon does not represent or warn consumers that ink is a necessary component in order to scan or fax documents. As a result, consumers are forced to incur unexpected and unnecessary burden and expense in the form of ink purchases or in the alternative be unable to scan or fax documents using the so-called all-in-one device.

3.     Canon knew, or should have known, that its representations and advertisements regarding the All-in-One Printers were false and misleading, and that they failed to disclose material information.

4.     If Plaintiff knew that the All-in-One Printers suffered from the Design Issue, he would not have purchased an All-in-One Printer on the same terms, if at all.

5.     Purchasers of All-in-One Printers have been harmed as a result of Canon's false representations and omissions. In addition to monetary damages, Plaintiff seeks injunctive relief requiring Canon to immediately cease the misleading advertising and marketing campaign and engage in a corrective campaign to inform consumers of the use of misleading advertising.

6.     Plaintiff's claims are brought as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other similarly situated persons. Plaintiff seeks relief in this action individually and on behalf of purchasers of the All-in-One Printers for violations of New York General Business Law §§ 349-350 ("GBL"), breach of express warranties, and for unjust enrichment.

## **PARTIES**

7.     Plaintiff Leacraft is a resident of Queens, New York.  In or about March of 2021, Plaintiff Leacraft purchased a Canon PIXMA MG2522 All-in-One Printer from a Walmart retail store located in East Meadow, New York.  Plaintiff Leacraft purchased the Canon PIXMA MG2522 All-in-One Printer to use for its advertised scanning purposes. After purchasing and using the device, he learned that the device does not function as a scanner if the ink cartridges are low or empty.  Plaintiff Leacraft suffered injury and was damaged as a result of Canon's conduct at issue.  Plaintiff Leacraft would not have purchased the device or would not have paid as much for it had he known that he would have to maintain ink in the device in order to scan documents. Plaintiff Leacraft may purchase a Canon All-in-One Printer again in the future should Canon continue to advertise a product as all-in-one; he would think it meant Canon fixed the issue.

8.     Defendant Canon is a New York corporation, with its principal place of business in Melville, New York. Canon is a wholly-owned subsidiary of Canon, Inc., a Japanese corporation, through which it designs, manufactures, and/or distributes consumer electronics products, including the All-in-One Printers at issue as well as ink cartridges for the All-in-One Printers at issue.

9.     Through Canon's extensive sales, the public has come to recognize CANON-brand equipment as being of excellent quality and reputation. By reason of their continued and extensive sales, advertising and promotion, CANON-brand equipment, including the All-in-One Printers at issue, enjoy an excellent reputation among the public. Indeed, the CANON mark is a symbol of substantial goodwill among consumers. Accordingly, consumers trust and rely on Canon's marketing and advertising, and reasonably believe that it is truthful and non-deceptive.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from at least one Defendant.

11.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in the state of New York, regularly conducts business in this District, and has extensive contacts with this forum.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District, and Defendant transacts substantial business in this District.

## COMMON FACTUAL ALLEGATIONS

### A.    Canon's All-in-One Printers

13.     For decades, Canon has imported, marketed, distributed, and sold a wide range of printing, photographic, and imaging equipment and related goods bearing the CANON trademark to persons and entities throughout the United States. This equipment includes the All-in-One Printers at issue, and these related goods include CANON-branded ink cartridges for the All-in-One Printers at issue.

14.     Canon's All-in-One Printers are devices marketed and sold as having three core functions: printing, copying, and scanning. Certain of the All-in-One Printers have an added fax capability feature.

15.     Throughout its marketing and advertising, Canon promotes and promises that the All-in-One Printers provide scanning and faxing as main features and functions. Canon asserts

that consumers should pay extra to purchase these multi-function devices over "single function" devices.

16.     For example, on its website, Canon explains what consumers should consider and why consumers should purchase a Canon single function printer versus a Canon all-in-one:

> Single function or all-in-one
>
> Do you need your printer for just printing purposes, or will you need it for scanning and copying – maybe even faxing – as well? Single-function printers are exactly what the name suggests: their sole job is to print. Multifunction printers (MFPs) – or All-in-Ones (AIO), 3-in-1-, 4-in-1 – come with scanning and copying capabilities (and, in some cases, faxing). If you anticipate needing these capabilities down the road, it may be worth paying a little more up front for the increased functionality.[2]

17.     At its retail website, www.shop.use.canon.com, Canon provides a "filter by" option so consumers can narrow down the number of printers they might wish to consider purchasing. Among these filters that Canon uses is one it calls "CORE FEATURES." These so-called core features to filter by are: (1) Print, (2) Copy, (3) Scan, (4) ADF (auto document feeder), and (5) Fax. Another filter by option Canon provides to consumers looking to purchase a printer is "PRINTER FUNCTIONS." These so-called printer functions to filter by are: (1) Print Only, (2) Print, Copy, Fax, (3) Print, Scan, Copy, and (4) Print, Scan, Copy, Fax.[3]

18.     Canon states the functionalities of the All-in-One Printers on the product packaging for each device.  For example, on the product packaging of the PIXMA MG2522, Canon represents on each panel of the box that the device functions as a scanner.

---

[2] *Choosing the Best Home Printer for You*, CANON, https://www.canon.ca/en/Articles/2020/Choosing-Best-Home-Printer-for-You (last visited on October 11, 2021).

[3] *Shop – Home & Office Printers*, CANON, https://shop.usa.canon.com/shop/en/catalog/home-and-office-printers (last visited Oct. 11, 2021).









19. On its website, Canon makes similar representations that its All-in-One Printers have core features that include scanning and faxing. For example, on the webpages for various All-in-One Printers, Canon states:

- "Versatile Printing, Copying & Scanning"[4]

- "Simply print, copy, and scan with the PIXMA TS3520 Wireless All-in-One Printer."[5]

- "Whether it's printing documents and reports, or faxing and scanning, the PIXMA TR8620 is the ultimate compact home office printer that's big on performance and productivity."[6]

- "The TR7020 can handle a variety of tasks with ease, from scanning a signed contract with the ADF to printing homework assignments from virtual classrooms."[7]

- "It's made to handle large workloads efficiently from printing, scanning and faxing documents quickly."[8]

20.     On Amazon.com, Canon makes similar representations that its All-in-One Printers have core features that include scanning and faxing:

- Canon PIXMA MG Series All-in-One Color Inkjet Printer - 3-in-1 Print, Scan, and Copy.[9]

---

[4] *Shop - PIXMA TS9520 Wireless,* CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-ts9520-wireless (last visited Oct. 11, 2021).
[5] *Shop - PIXMA TS3520 Wireless All-in-One Printer Black*, CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-ts3520-wireless-all-in-one-printer-black?gclsrc=aw.ds&gclid=CjwKCAjw3_KIBhA2EiwAaAAlisFs_h5h7n5fG54KfO8UAM038aYR0sIKO2i7kWGYJJBeWfOu1Xb-JxoC81YQAvD_BwE (last visited Oct. 11, 2021).
[6] *Shop - PIXMA TR8620*, CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-tr8620 (last visited Oct. 11, 2021).
[7] *Shop - PIXMA TR7020 Black*, CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-tr7020-black (last visited Oct. 11, 2021).
[8] *Shop -PIXMA TR7520 Wireless*, CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-tr7520-wireless-home-office-all-in-one-printer (last visited Oct. 11, 2021).
[9] *Canon PIXMA MG Series All-in-One Color Inkjet Printer*, AMAZON, https://www.amazon.com/Canon-PIXMA-Color-Inkjet-Printer/dp/B08R3WHWV9/ref=sr_1_1_sspa?dchild=1&keywords=canon+pixma+mg2522&qid=1633961120&sr=8-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEzSkI1MFFNSVJQWUpMJmVuY3J5cHRlZElkPUExMDE5MTQyMjFEN1Q2R1cxNUhBMSZlbmNyeXB0ZWRBZElkPUEwODc0NjgyMlVQRE9QVk5SUzRPVCZ3aWRnZXROYW1lPXNwX2F0ZiZhY3Rpb249Y2xpY2tSZWRpcmVjdCZkb05vdExvZ0NsaWNrPXRydWU= (last visited Oct. 11, 2021).

- Copy and scan multi-page documents fast and easy with the 35-sheet compact Auto Document Feeder (ADF).[10]

- When you need a home office printer that can handle all your work needs from documents, reports, faxing and scanning to your home needs like printing homework assignments, concert tickets and family photos - the PIXMA TR8520 has you covered.[11]

- Rapid document printing, copying, and scanning and a borderless 4"x6" photo in approximately 45 seconds.[12]

21.    Accordingly, two of the core and main functions of the All-in-One Printers are the scan and fax capabilities, and Canon systematically markets and represents that the All-in-One Printers function as scanners and fax machines under all customary and usual circumstances.

**B.**    **The All-in-One Printers Are Packaged and Sold to Purchasers With Scanning and Faxing Capabilities Which are Tied to the Availability of Ink in the Devices**

22.    The All-in-One Printers do not work as warranted, labeled, and advertised.

23.    A document scanner is a device that electronically copies content from printed pages and turns it into a computer file.

---

[10]  *Canon TR7020 All-In-One Wireless Printer For Home Use, Black*, AMAZON, https://www.amazon.com/Canon-TR7020-Wireless-Printer-Black/dp/B08FF1JJHT/ref=sr_1_2?dchild=1&keywords=PIXMA+TR7020&qid=1633961310&sr=8-2 (last visited Oct. 11, 2021).

[11] *Canon TR8520 All-In-One Printer For Home Office*, AMAZON, https://www.amazon.com/Canon-Wireless-Printing-Document-AirPrint/dp/B074VFW3VX/ref=sr_1_3?dchild=1&keywords=PIXMA+TR8520&qid=1633961851&sr=8-3 (last visited Oct. 11, 2021).

[12] *Canon PIXMA MX330 Inkjet All-In-One Printer*, AMAZON, https://www.amazon.com/Canon-PIXMA-MX330-Inkjet-Printer/dp/B001R4C5VK (last visited Oct. 11, 2021).

24.     Scanners operate by projecting light at a document being digitized and directing the reflected light through a series of mirrors and lenses onto a photosensitive element.[13]  In most scanners, this sensitive element is an electronic, light-sensing integrated circuit known as a charged coupled device (CCD).[14] Light-sensitive receptors arrayed along the CCD convert levels of brightness into electronic signals that are then processed into a digital image.[15]



Fig. Working of a scanner

25.     Ink is not a necessary component to scan a document.

26.     However, the All-in-One Printers are packaged and sold to purchasers in a manner which requires the devices to contain ink in order to scan documents.  The All-in-One Printers do not function as scanners if the devices have low or empty ink cartridges.

27.     Ink is not a necessary component to fax a document.

28.     However, the All-in-One Printers are packaged and sold to purchasers in a manner which requires the devices to contain ink in order to fax documents.  The All-in-One Printers do not function as fax machines if the devices have low or empty ink cartridges.

---

[13] *Different Types of Scanners*, ELECTRICALVOICE https://electricalvoice.com/types-of-scanner/ (last visited Oct. 11, 2021).
[14] *Id.*
[15] *Id.*

29.     In other words, if consumers wish to use either of two of the main functions of the device, Canon forces consumers to purchase ink cartridges whether or not they intend to use ink or want to print documents.

30.     As a result, consumers must incur unexpected and unnecessary burden and expense by purchasing ink cartridges, or in the alternative be unable to scan or fax documents using the so-called multifunction, all-in-one device.

31.     Canon fails to disclose to purchasing consumers that the All-in-One Printers suffer from the Design Issue.

32.     Canon has known for years that its representations and advertisements regarding the All-in-One Printers being multifunction devices were false and misleading, and that it fails to disclose material information to consumers.

33.     For example, since at least 2015, consumers have been posting on Canon's Community webpage about their scanners not functioning when their ink cartridges are low or empty.[16]  In January of 2015, the following complaint was posted on the Canon Community webpage: "I have a MX330.  Works great otherwise but if I run out of colour ink or remove an ink cartridge it wont scan.  I'm SCANNING.  why does this affect scanning.  It shouldn't."[17]

34.     In response to the consumer's complaint, a Canon representative replied, "The printer requires that both ink cartridges be installed in the printer in order to scan, even if they are low or out of ink.  In addition, when an error condition is present on the printer (such as being out of ink), other functions of the unit will not be able to be performed until that issue is addressed."[18]

---

[16] *Canon Community - Forums*, CANON, https://community.usa.canon.com/t5/forums/searchpage/tab/message?filter=location&q=scan+without+ink&location=forum-board%3Afaxing&sort_by=-topicPostDate&collapse_discussion=true (last visited Oct. 11, 2021).
[17] *Canon Community - Printer/Multifunction Support*, CANON, https://community.usa.canon.com/t5/Printer-Multifunction-Support/scanner-wont-work-without-all-printer-cartridges-installed/td-p/130650 (last visited Oct. 11, 2021).
[18] *Id.*

35.     The Canon Community webpage is replete with similar complaints.    One consumer recently posted the following complaint:



> ## one ink empty can't scan
> 10-29-2020 04:54 PM
>
> The gray ink has run out. There is no place locally that has any. I ordered it online. It is not here yet.
> I need to scan something that will not be printed.
> When I try the printer will not recognize the computer.
> If I try directly on the printer it shuts itself off.
> I tried holding STOP. That did nothing.
> How can you scan something when the ink is out?
> Wasn't there a law suit about this very thing?
> Help. Is there anyway to circumvent this.
> BTW, I spent a loooong time trying to get this answer from Canon directly. It was insane.

36.     Canon replied, stating that the consumer must replace the empty ink tank with a new tank, and that "there is no workaround for this."[19]



> **BME Patrick**
> Product Expert
>
> **Canon**
> CANON U.S.A., INC.
>
> Posts: 3,860
> Registered: 07-28-2014
>
> **Re: one ink empty can't scan**
> 12-02-2020 03:05 PM                                                Options ▾
>
> Hi rivercook,
>
> The PIXMA MG6320 must have all ink tanks installed in the printer and they must all contain ink in order to use the functions of the printer.
> Replacing the empty ink tank with a new ink tank will resolve this issue.  There is no workaround for this.

37.     Canon's competitors do not all engage in this deceptive practice of designing and selling multifunction printers that by default require ink to use the scan and fax features of a multifunction printer.    Not all multifunction printers are designed, packaged, and sold to consumers so that low or no ink causes a loss in scan or fax functionality.  Not all multifunction

---

[19]  *Canon Community - Printer/Multifunction Support*, CANON, https://community.usa.canon.com/t5/Printer-Multifunction-Support/one-ink-empty-can-t-scan/m-p/323046/highlight/true#M40538 (last visited Oct. 11, 2021).

printers are designed, packaged, and sold to consumers with the scan or fax functionality tied to the level of ink maintained in the device.

38.      If Plaintiff knew that Canon's All-in-One Printers had the Design Issue, he would not have purchased the All-in-One Printers on the same terms, and would have paid less for the All-in-One Printer, if at all.

39.      Defendant's false, misleading, and deceptive representations and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

## C.    Canon's Design of its All-In-One Printers Produces Increased Ink Sales

40.      There is no legitimate purpose for selling the All-In-One Printers with scanning or faxing functionality that is directly tied to existence or level of ink contained in the devices. Ink is not needed for scanning or faxing functionality. Ink does not improve scanning or faxing performance. Tying the scan or fax capabilities of the All-In-One Printers to ink contained in the devices offers no benefit, and only serves to disadvantage and financially harm consumers.

41.      Tying the scan or fax capabilities of the All-In-One Printers to ink contained in the devices does, however, serve to benefit Defendant.

42.      Canon derives substantial profits from the sale of Canon printer ink cartridges.

43.      Ink cartridges for the All-in-One Printers retail for approximately $40-50.[20]  As such, the cost of ink cartridges amounts to a substantial portion of the cost of the printer housing the cartridges.[21]

---

[20] For example, a pack of color and black ink cartridge refills for the PIXMA TS830 costs $47.99. *See Shop,* CANON, https://shop.usa.canon.com/shop/en/catalog/cli-281-black-cyan-magenta-yellow-4-ink-pack (last visited Oct. 11, 2021). Similarly, a purchase of one black ink cartridge and one color ink cartridge compatible with the PIXMA MX452 costs $43.98. *See  Shop,* CANON, https://shop.usa.canon.com/shop/en/catalog/pixma-mx452-compatible-inks (last visited Oct. 11, 2021).
[21] For example, the PIXMA MG2522 currently retails for $98.90. *See*  WALMART, https://www.walmart.com/ip/Canon-PIXMA-MG2522-Wired-All-in-One-Color-Inkjet-Printer/108208974 (last visited Oct. 11, 2021).

44.     Charles LeCompte, head of Lyra Research, a market research firm in Newton, Massachusetts stated, "[t]he industry figured out years ago that once people buy a printer they are committed to it, so you can sell the printer at or below cost knowing they will buy the cartridges."[22]

45.     According to a 2018 Consumer Reports article, inkjet printers are being sold at a low cost, with the expectation that companies would make their profit through sales of the ink cartridges needed for the functioning of the machines.[23] "Most printers are sold at a loss. A manufacturer makes money NOT by selling consumers an inkjet or laser printer, but by selling the supplies needed to print."[24] Wing Lam, an associate director of cost benchmarking at IHS Markit stated that "[t]his is a classic razor-and-blade business model where the manufacturer sells the goods at a low price to help increase the sales of accessories, where the money is made."[25]

46.     There is no reason or technical basis for manufacturing the All-in-One Printers with an ink level detection function that causes the scanner to stop functioning when ink is low or empty. Canon designed the All-in-One Printers in such a way to require consumers to maintain ink in their devices regardless of whether they intend to print. The result is an increase in ink sales from which Canon obtains significant profits.[26]

---

[22] Lamont Wood, *Printer ink: Tired of feeding the cash cow?,* COMPUTERWORLD (Mar 28, 2012 6:00 am PST), https://www.computerworld.com/article/2503134/printer-ink--tired-of-feeding-the-cash-cow-.html (last visited Oct. 11, 2021); *see also* Jack Houston and Irene Anna Kim, Why printer ink is so expensive, INSIDER (Updated Mar 2, 2021, 12:09 PM) https://www.businessinsider.com/why-printer-ink-so-expensive-2019-8 ("companies do everything they can to keep you buying official ink cartridges") (last visited on October 11, 2021).
[23] Tercius Bufete, *Why Is Printer Ink So Expensive?*, CONSUMER REPORTS (September 15, 2018) https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/ (last visited Oct 11, 2021).
[24] *Why Are Printer Ink and Toner Cartridges So Expensive?*, TONERBUZZ https://www.tonerbuzz.com/blog/why-is-printer-ink-so-expensive/ (last visited on October 11, 2021).
[25] Tercius Bufete, *Why Is Printer Ink So Expensive?*, CONSUMER REPORTS (September 15, 2018) https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/ (last visited Oct. 11, 2021).
[26] Upon information and belief, Canon's Office and Business Printers, which retail for significantly more than the All-in-One Printers, do not suffer from the Design Issue. Additionally, Canon's laser printers allow users to scan documents without toner cartridges.

47. The design forces consumers to incur the unexpected and unnecessary burden and expense in the form of ink purchases or in the alternative be unable to scan or fax documents using the so-called all-in-one device.

48. Canon represents that the main functions of the All-in-One Printers include scanning and faxing documents, but fails to disclose to purchasing consumers that the All-in-One Printers suffer from the Design Issue. Only after consumers purchase the All-in-One Printers do they learn that they must maintain ink in their devices in order to scan or fax documents, functionalities that should not require ink.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Nationwide Class:

> All persons who purchased a Canon All-in-One Printer, in the United States, for personal/household use, at any time within the applicable statute of limitations (the "Nationwide Class").

50. Plaintiff Leacraft brings this action individually and on behalf of the following New York subclass:

> All persons residing in New York who purchased a Canon All-in-One Printer for personal/household use, at any time within the applicable statute of limitations (the "New York Subclass").

51. Specifically excluded from the Class are Canon, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Canon, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Canon and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

52.     Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

53.     This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

54.     Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, Plaintiff estimates that the Class is comprised of thousands of Class members. The Class is sufficiently numerous to warrant certification.

55.     Typicality of Claims (Rule 23(a)(3)): Plaintiff, like the other purchasers of the All-in-One Printers, has been subjected to Canon's deceptive and misleading course of conduct, including Canon's failure to disclose material information. Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class members that was caused by the same misconduct by Canon.

56.     Adequacy of Representation (Rule 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

57.     Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered

by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Canon will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

58. Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

    a. Whether Canon's conduct violates the New York General Business Law § 349;

    b. Whether Canon's conduct violates the New York General Business Law § 350;

    c. Whether Canon breached its express warranties;

    d. Whether Canon has been unjustly enriched;

    e. Whether Canon All-in-One Printers function as a scanner with low or empty ink;

    f. Whether Canon failed to disclose material information; and

    g. The nature of relief, including damages and equitable relief, to which Plaintiff and members of the Class are entitled.

59. Information concerning Canon All-in-One Printer sales is available from Canon's books and records or third-party retailer records.

60. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

61. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, and establish incompatible standards of conduct for Canon. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

62. Canon has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

63. Given that Canon's conduct is ongoing, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I

### BREACH OF EXPRESS WARRANTY

**(On behalf of Plaintiff and the Nationwide Class (or alternatively, the New York Subclass) against Defendant)**

64. Plaintiff hereby incorporates all other paragraphs of this Complaint and restates them as if fully set forth herein.

65. From its headquarters in New York, Canon marketed and sold the All-in-One Printers into the stream of commerce with the intent that the All-in-One Printers would be purchased by Plaintiff and Class members. Canon's false and deceptive product labels and advertising emanated from New York.

66. The All-in-One Printers' packaging and advertising constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

67. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class, including providing Defendant with timely notice of the alleged breach of warranty.[27]

---

[27] Notice of Plaintiff's claims was provided to Defendant. Plaintiff sought to address and resolve the allegations and relief sought in this complaint through a pre-suit demand, dated August 12, 2021, and subsequent discussions by and between counsel for Plaintiff and Canon.

68.     Defendant is in privity with Plaintiff and members of the Class. Plaintiff and Class members, not the retailers, were the intended beneficiaries of Defendant's All-in-One Printers and the associated written warranties. Defendant created the All-in-One Printers advertising and labeling at issue and warranted the All-in-One Printers to Plaintiff and members of the Class directly and/or through the doctrine of agency. Defendant's sale of the All-in-One Printers was either direct or through authorized sellers. Purchase through authorized sellers is sufficient to create privity because such authorized sellers are Defendant's agents for the purpose of the sale of the All-in-One Printers. Further, Defendant knew the identity, purpose and requirements of Plaintiff and members of the Class and manufactured the All-in-One Printers to meet their requirements.

69.     Canon breached the terms of this contract, including the express warranties with Plaintiff and the Class. Canon utilized false and deceptive product labels and advertising to promote the sale of All-in-One Printers by representing that the devices would function as scanners and fax machines under ordinary circumstances.

70.     For example, Canon expressly warranted both on product packaging and in advertisements that the All-in-One Printers are multifunction devices with scanning and fax features. *See supra* ¶¶ 18-20.

71.     Through these representations, Canon made express warranties that the All-in-One Printers would conform to the representations.

72.     The representations, as set forth above, contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

73.     However, the All-in-One Printers do not conform to the representations made by Canon because All-in-One Printers do not function as scanners or fax machines if the devices have low or empty ink cartridges. As a result, consumers are forced to incur unexpected and unnecessary burden and expense in the form of ink purchases or in the alternative be unable to scan or fax documents using the so-called all-in-one device. Having low or empty ink cartridges is an ordinary and reasonably expected circumstance or condition for the so-called multifunction devices.

74.     Plaintiff and Class members, by use of reasonable care or diligence, could not have discovered the breached warranty or known before making their purchases, that the All-in-One Printers would not by default provide the advertised scan and fax functionality if the devices have low or empty ink cartridges.

75.     As a direct or proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages in the purchase of the All-in-One Printers because they would not have purchased the product on the same terms, if at all, or would have paid less for the All-in-One Printers, had they known that central functions of their device would be inoperable with low or empty ink cartridges.

## COUNT II

**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**
**(On behalf of the New York Subclass against Defendant)**

76.     Plaintiff hereby incorporates all other paragraphs of this Complaint and restates them as if fully set forth herein.

77.     Plaintiff brings this count on behalf of himself and all members of the New York Subclass.

78. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

79. In its sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

80. Plaintiff and members of the New York Subclass are consumers who purchased the All-in-One Printers from Defendant for their personal use.

81. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, failing to disclose that the All-in-One Printers were designed in such a way that made them unsuitable and unusable for their intended purpose (*i.e.*, scanning and faxing documents).

82. Defendant intentionally concealed and omitted material facts regarding the true nature of the All-in-One Printers.

83. Defendant also falsely represented on product packaging and in advertisements that the All-in-One Printers function as scanners and fax machines under ordinary circumstances.

84. The foregoing deceptive acts and practices were directed at consumers.

85. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the All-in-One Printers to induce consumers to purchase the same.

86. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

87. Defendant possessed information about the Design Issue, which was relevant to Plaintiff and Class members, but failed to disclose this information.

88.	By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

89.	Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the New York Subclass have sustained from having paid for Defendant's All-in-One Printers.

90.	As a result of Defendant's violations, Plaintiff and members of the New York Subclass have suffered damages because: (a) they would not have purchased the All-in-One Printers on the same terms, if at all, if they knew that the All-in-One Printers suffered from the Design Issue; and (b) the All-in-One Printers do not have the characteristics, uses, benefits, or qualities as promised.

91.	On behalf of himself and other members of the New York Subclass, Plaintiff brings this action to enjoin Defendant's unlawful and deceptive acts or practices and seek to recover their actual damages or fifty dollars, whichever is greater, per violation, three times actual damages, and reasonable attorneys' fees.

## COUNT III

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350
### (On behalf of the New York Subclass against Defendant)

92.	Plaintiff hereby incorporates all other paragraphs of this Complaint and restates them as if fully set forth herein.

93.	Plaintiff brings this count on behalf of himself and all members of the New York Subclass that purchased an All-in-One Printer.

94.	New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

95.     Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

96.     Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of New York's General Business Law.

97.     Defendant's false, misleading, and deceptive representations and omissions of fact about the All-in-One Printers were and are directed towards consumers.

98.     Defendant's false, misleading, and deceptive representations and omissions were material and are likely to mislead a reasonable consumer acting reasonably under the customary or usual circumstances.

99.     Defendant's false, misleading, and deceptive representations and omissions have resulted in consumer injury or harm to the public interest.

100.    As a result of Defendant's false, misleading, and deceptive statements and representations of fact, and omissions, Plaintiff and the New York Subclass have suffered and continue to suffer economic injury.

101.    As a result of Defendant's violations, Plaintiff and members of the New York Subclass have suffered damages because: (a) they would not have purchased the All-in-One Printers on the same terms, if at all, if they knew that the All-in-One Printers suffered from the Design Issue; and (b) the All-in-One Printers do not have the characteristics, uses, benefits, or qualities as promised.

102.    On behalf of himself and other members of the New York Subclass, Plaintiff seeks to recover actual damages or five hundred dollars, whichever is greater for each violation, three times actual damages, and reasonable attorneys' fees.

# COUNT IV

## UNJUST ENRICHMENT

**(On behalf of Plaintiff and the Nationwide Class (or alternatively, the New York Subclass) against Defendant)**

103.    Plaintiff hereby incorporates all other paragraphs of this Complaint and restates them as if fully set forth herein.

104.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

105.    Plaintiff and members of the Class conferred benefits on Defendant by purchasing the All-in-One Printers.

106.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the All-in-One Printers. Retention of those moneys under these circumstances is unjust and inequitable because Defendant has engaged, and continues to engage, in a systematic campaign of representing that the All-in-One Printers function as scanners and fax machines under ordinary circumstances and has intentionally concealed and omitted material facts regarding the true nature of the All-in-One Printers.  These false representations and omissions caused injuries to Plaintiff and members of the Class because they would not have purchased the All-in-One Printers on the same terms, if at all, if they knew that the All-in-One Printers suffered from the Design Issue.

107.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and his counsel as Class Counsel;

(b)     For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)     For damages in amounts to be determined by the Court and/or jury

(e)     An award of statutory damages or penalties to the extent available;

(f)     For pre-judgment interest on all amounts awarded;

(g)     For an order of restitution and all other forms of monetary relief; and

(h)     Such other and further relief as the Court deems necessary and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.


Dated: October 12, 2021          **LEVI & KORSINSKY, LLP**

By: s/ *Mark S. Reich*_____
Mark S. Reich
Courtney E. Maccarone
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171
Email: mreich@zlk.com
cmaccarone@zlk.com

*Counsel for Plaintiff*