

**RICHARD H. SILBERBERG**
**Partner**
**(212) 415-9231**
**FAX (646) 607-5902**
**silberberg.richard@dorsey.com**

December 9, 2021

Honorable Gary R. Brown, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

>       Re:    *Leacraft v. Canon U.S.A., Inc.*, Case No. 2:21-cv-05688

Dear Judge Brown:

        We write on behalf of Defendant Canon U.S.A., Inc. ("Canon"), pursuant to Your Honor's Individual Rules, to request a pre-motion conference for Canon's proposed motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint in this putative class action in its entirety.

        Plaintiff asserts claims against Canon for breach of express warranty, violation of N.Y. Gen. Bus. Law ("GBL") §§ 349 and 350, and unjust enrichment based upon his contention that his Canon PIXMA model MG2522 multi-function printer (the "Printer") fails to scan documents when there is no ink in the machine's ink cartridges.[1]  Plaintiff's case is fatally flawed for two reasons. First, as disclosed on Canon's website and elsewhere, depressing a button on the Printer for approximately five seconds enables the Printer to scan documents when there is no ink in the machine's ink cartridges.[2]  Second, because few, if any, multi-function printer purchasers would ordinarily attempt to use their machine as a scanner while its ink cartridges are empty, the Printer's alleged failure to scan in that condition cannot form the basis of a cognizable legal claim.

        ***Express Warranty Claim.***  Plaintiff contends that the statement on the Printer's packaging asserting that the Printer "scans" constitutes an express warranty that Canon breached because (1) the use of the word "scan" allegedly implies that the Printer will scan documents "under ordinary circumstances," and (2) scanning documents while there is no ink in the machine's ink cartridges purportedly is an "ordinary circumstance" (*see* Complaint ¶¶ 69-73).  This assertion defies common sense, rendering the breach of express warranty claim fatally defective as a matter of law.

        Purchasers acquire multi-function printers with the intention of using all of the machine's functions (*i.e.*, printing, copying, scanning and, in some models other than Plaintiff's, faxing).  If a purchaser wanted a machine solely to scan documents, she or he naturally would buy a scanner rather than a machine that performs other functions that the purchaser does not want or need.  To print and/or copy documents, the printer must, of course, have ink cartridges containing ink.

---

[1] Plaintiff purports to assert his claims on behalf of either a putative nationwide class of Canon-brand printer purchasers (*i.e.,* the breach of express warranty and unjust enrichment claims), or on behalf of a putative subclass of printer purchasers "residing in New York" (*i.e.,* the GBL §§ 349 and 350 claims).  *See* Complaint ¶¶ 49, 50.

[2] Canon's contemplated motion does not rely upon this ground; Canon recognizes that it must accept the allegations of the Complaint as true at this stage.  If the Complaint is not dismissed in its entirety, Canon will introduce evidence establishing that the Printer and other Canon-brand multi-function printer models can scan with empty ink cartridges.

Plaintiff concedes, as he must, that his Printer scans when there is ink in its ink cartridges.  He also must concede that, if he has printed and/or copied sufficiently to fully drain the ink cartridges that come in the box with the Printer, he must replace the empty cartridges to continue to print or copy.

Accordingly, the "ordinary circumstance" for a multi-function printer purchaser whose machine's ink cartridges are depleted is to replace the empty cartridges; otherwise, the machine could not copy or print.  It would not be "ordinary," but rather *extraordinary,* for a purchaser to leave empty ink cartridges in the printer and attempt to use the machine solely to scan. Logically, the *only* purchasers who would do so would be those who, after printing or copying sufficiently to deplete the cartridges that come with their printer, curiously decide that they will no longer use the machine's print and copy functions and, instead, will only scan for the rest of the machine's useful life.  Few, if any, multi-function printer purchasers could conceivably fit this description.

"To allege a claim for breach of express warranty in New York, a claimant must show 'that an express warranty existed, was breached, and that [the claimant] had relied on that warranty.'" *Marshall v. Hyundai Motor Am*., 334 F.R.D. 36, 51 (E.D.N.Y. 2019).  Plaintiff contends that the statement made by Canon on the Printer's box that the Printer "scans" constitutes an express warranty.  If so, the express warranty is true; the Printer does, in fact, scan.  Plaintiff's alleged express warranty claim fails because (1) Plaintiff has not identified any express statement that the Printer scans without ink, and (2) Plaintiff's implication that the word "scan" actually means that the Printer scans when there is no ink in its ink cartridges defies common sense.

**GBL Claims.** To successfully allege a claim pursuant to GBL §§ 349 or 350, a plaintiff must state facts establishing, *inter alia,* that the challenged conduct is "materially misleading" (*Plavin v. Group Health Inc*., 35 N.Y.3d 1, 10 (2020)), a determination that a court may make as a matter of law (*see*, *e.g*., *Andre Strishak & Assocs. v. Hewlett Packard Co*., 300 A.D.2d 608, 609-10 (2d Dep't 2002)).  For the reasons set forth above, Canon's purported failure to inform prospective purchasers that its multi-function printers allegedly do not scan with empty ink cartridges is not "materially misleading."

**Unjust Enrichment Claim.** Plaintiff's unjust enrichment claim fails as a matter of law for three reasons: (1) the claim is duplicative of the other claims asserted in the Complaint (*see Barton v. Pret A Manger (USA) Ltd.,* 2021 U.S. Dist. LEXIS 81336 at *39 (S.D.N.Y. 2021)); (2) Canon was not "enriched," unjustly or otherwise, by Plaintiff's purchase of the Printer because Plaintiff alleges that he purchased it from Walmart (*see* Complaint, ¶ 7), not Canon (*see Fenerjian v. Nongshim Co.,* 72 F. Supp. 3d 1058, 1089 (N.D. Cal. 2014) (applying New York law)); and (3) Plaintiff must allege facts establishing, *inter alia,* that "it is against equity and good conscience to permit [Canon] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182 (2011)) and, as a matter of law, it would not be "against equity and good conscience" for Canon to retain proceeds from the sale of a machine that purportedly does not perform a function in a manner that few, if any, purchasers would ordinarily attempt.

Respectfully submitted,

*Richard H. Silberberg*

Richard H. Silberberg