
55 Broadway, 10th Floor
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Mark S. Reich**
mreich@zlk.com

December 21, 2021

Honorable Gary R. Brown, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** *Leacraft v. Canon U.S.A., Inc.*, Case No. 2:21-cv-05688

Dear Judge Brown:

As counsel for Plaintiff Leacraft ("Plaintiff") in the above-referenced matter, we write in response to defendant Canon U.S.A., Inc.'s ("Canon") request for a pre-motion conference ("Letter") (Dkt. No. 10) regarding its anticipated motion to dismiss. Canon's proposed motion would fail.

Throughout its marketing and advertising, including on the product packaging for its All-in-One Printers (the "Devices"), Canon claims the Devices are multifunction, "all-in-one" products that can print, copy, scan, and in some cases, fax documents. Compl. (Dkt. No. 1) ¶ 1. Canon fails to disclose, however, that ink is a necessary component in order to scan or fax documents. *Id.* at ¶ 2.

Canon largely bases its proposed motion to dismiss on factual issues relating to its customers' purchase-decision or usage-habits.[1] For example, Canon claims that "few, if any, multi-function printer purchasers would ordinarily attempt to use their machine as a scanner while its ink cartridges are empty." Letter at 1. Canon also claims that "[i]f a purchaser wanted a machine solely to scan documents, she or he naturally would buy a scanner rather than a machine that performs other functions . . ." *Id*. Canon's opinion of, and attitude towards, its customers and their purchase-decision or usage-habits have no bearing at the motion to dismiss stage.[2] The analysis, for the purposes of this motion, begins and ends with Plaintiff's experience and his own allegations. *See* Compl. ¶ 7. Moreover, the question as to how customers ultimately use the Devices is irrelevant not only at the motion to dismiss stage, but also as to the later question of class certification. *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405 (S.D.N.Y. 2015).

**Breach of Express Warranty:** Plaintiff alleges that Canon utilized false and deceptive product labels and advertising to promote the sale of the Devices by expressly warranting[3] that the Devices would function as scanners under ordinary circumstances. Compl. ¶ 69. Canon breached those warranties because the Devices do not function as scanners if they have low or empty ink cartridges. *Id.* ¶ 73. Canon contests

---

[1] Plaintiff's counsel wrote to Canon's counsel asking that Canon provide the documents or materials it relied on to support the factual positions in its Letter. As of filing of this letter, counsel has not responded.

[2] *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc*., 748 F.2d 774, 779 (2d Cir. 1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'").

[3] A seller creates an express warranty by making "[a]ny affirmation of fact or promise . . . to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y. U.C.C. § 2-313(1)(a).

Plaintiff's assertion that the word "scan" means that the Device will scan documents (Letter at 1), claiming that "Plaintiff's implication that the word 'scan' actually means that the Printer scans when there is no ink in its ink cartridges defies common sense" and that "[i]t would not be 'ordinary,' but rather *extraordinary*, for a purchaser to leave empty ink cartridges in the printer and attempt to use the machine solely to scan" (Letter at 2). That perspective, which Canon's customers do not share[4], underscores a factual disagreement between the parties. *See, e.g.*, Compl. ¶ 7. Whether a reasonable consumer would interpret the word "scan" to mean that the Device will scan when there is no ink is an issue of fact that is not appropriate for decision on a motion to dismiss. *Silva v. Smucker Nat. Foods, Inc*., 2015 U.S. Dist. LEXIS 122186, at *27 (E.D.N.Y. Sept. 14, 2015); *Cooper v. Anheuser-Busch, LLC*, 2021 U.S. Dist. LEXIS 148982, at *56 (S.D.N.Y. Aug. 9, 2021) ("this inquiry 'is a matter of fact which is not appropriate for decision on a motion to dismiss.'").

**GBL Claims:** Canon argues that its failure to inform prospective purchasers that the Devices do not scan with empty ink cartridges is not "materially misleading." Letter at 2. While the term "material" is undefined by Section 349, materiality "involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." *Tomassini v FCA US LLC*, 2016 U.S. Dist. LEXIS 202635, at *21 (N.D.N.Y. November 23, 2016) (quoting *Bildstein v. Mastercard Int'l Inc*., 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004). Only after consumers purchase the All-in-One Printers do they learn that they must maintain ink in their devices in order to scan or fax documents. Compl. ¶ 48. Plaintiff would not have purchased the Device on the same terms, if at all, had he known the truth. *Id.* ¶¶ 4, 7. Whether a reasonable consumer would be misled by Defendant's omission is a question of material fact and not appropriate for the Court's resolution at this stage. *Tomassini*, 2016 U.S. Dist. LEXIS 202635, at *17 (the question of non-disclosure was "not dispositive as a matter of law"). Here, the scanning feature of the Devices stops working during ordinary use. Canon fails to disclose – or, omitted – that material fact.

**Unjust Enrichment:** New York law does not require an unjust enrichment plaintiff to plead a direct dealing or substantive relationship with the defendant. *Waldman v. New Chapter, Inc*., 714 F. Supp. 2d 398, 403-04 (E.D.N.Y. 2010). It merely requires that the plaintiff's relationship with a defendant not be "too attenuated." *Moss v. BMO Harris Bank, N.A*., 258 F. Supp. 3d 289, 312 (E.D.N.Y. 2017). Plaintiffs (as purchasers) can assert such an unjust enrichment claim against Canon (the manufacturer of the products at issue). In addition, Plaintiff's claim is not duplicative. *See Nuss v. Sabad*, 2016 U.S. Dist. LEXIS 98529, at *33-34 (N.D.N.Y. July 28, 2016). Here, Plaintiff adequately alleges that it would be unjust and inequitable to retain the revenue derived from purchases of the Devices because Canon engaged, and continues to engage, in a systematic campaign of representing that the Devices function as scanners and fax machines under ordinary circumstances and has concealed and omitted material facts regarding the true nature of the Devices. Compl. ¶ 106.[5]

Very truly yours,

Mark S. Reich

---

[4] In addition to Plaintiff, Plaintiff's counsel has communicated with numerous other consumers who shared the experience (of disabled scanning without ink), the same frustration and the same complaint. Plaintiff's counsel is positioned to, when appropriate, introduce substantiation for Plaintiff's assertion that the alleged experience is a reasonably expected circumstance.

[5] "Under New York law, it is 'contrary to equity and good conscience' to enable a party to benefit from misleading representations." *Morrow v. Ann Inc.*, 2017 U.S. Dist. LEXIS 9770, at *18 (S.D.N.Y. Jan. 24, 2017).