March 22, 2022

Honorable Gary R. Brown, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    **Re:**     ***Leacraft v. Canon U.S.A., Inc.*, Case No. 2:21-cv-05688**

Dear Judge Brown:

    We write jointly on behalf of Plaintiff, David Leacraft ("Leacraft"), and Defendant, Canon U.S.A., Inc. ("Canon USA"), to inform the Court of an issue Defendant has raised relating to whether the Court continues to have jurisdiction over the subject matter of this action. The parties agree that, in the interests of promoting judicial efficiency and potentially saving party resources, it would be appropriate to resolve the jurisdictional issue at this early stage of the case.

    Leacraft's Complaint asserted claims against Canon USA for breach of express warranty (Count I), violation of N.Y. Gen. Bus. Law ("GBL") §§ 349 (Count II) and 350 (Count III), and unjust enrichment (Count IV). Dkt. No. 1. Counts I and IV were asserted on behalf of a putative nationwide class of Canon-brand printer purchasers. Counts II and III were and continue to be asserted on behalf of a putative statewide subclass of printer purchasers "residing in New York." *See* Complaint ¶¶ 49, 50. The basis for subject matter jurisdiction pleaded in the Complaint is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

    On February 22, 2022, the Court dismissed Counts I and IV but left Counts II and III intact. Dkt. No. 12. Surviving Counts II and III are asserted solely on behalf of a New York subclass (*i.e.*, only on behalf of New York residents). Leacraft is a resident of Queens, NY (Complaint ¶ 7), and Canon USA, the sole defendant, is a New York corporation having its principal place of business in Melville, NY (Complaint ¶ 8).

    Canon USA's position is that the Court should no longer exercise subject matter jurisdiction under 28 U.S.C. § 1332 because the action, in its current posture, involves a dispute solely between New York residents and involves an amount in controversy that does not exceed $5 million. Accordingly, this is not the sort of nationwide, high-dollar-value class action for which CAFA expanded federal jurisdiction, and it should be dismissed pursuant to 28 U.S.C. § 1332(d)(2)(A) and § 1332(d)(4)(B). Leacraft's position is that the Court should, in its discretion, continue to exercise jurisdiction over the case because the Complaint, when it was filed, alleged minimum diversity of citizenship and the other elements required under § 1332(d)(2)(A). That being said, to the extent this issue of jurisdiction may pose standing at class certification, trial, or connection with any resolution, Plaintiff joins Defendant's request to have the matter briefed and decided now. Should the Court determine that it no longer has jurisdiction, for example, Leacraft would ask your Honor for permission to amend the complaint, so that he can add out-of-state plaintiffs.

The question to be presented to the Court is whether a federal court can and should exercise subject matter jurisdiction over a putative statewide class action following the dismissal of nationwide class allegations.  The parties agree that briefing of the issue would be appropriate so that any cloud on the Court's authority to maintain subject matter jurisdiction over the putative statewide class action can be resolved before the parties expend significant resources on discovery. The parties propose that each party simultaneously file a letter setting forth its position, no longer than five (5) pages in length, within fourteen (14) days of the Court's order approving the briefing schedule.

The parties further agree that Canon USA's time to file an Answer to the Complaint should be further extended until ten (10) days following the Court's determination of the jurisdictional issue.

We thank the Court for its consideration.

Respectfully submitted,

Mark S. Reich
LEVI & KORSINSKY LLP
55 Broadway, 10th Floor
New York, NY 10006
(212) 363-7500
mreich@zlk.com

*Counsel for Plaintiff David Leacraft*

Richard H. Silberberg
DORSEY & WHITNEY LLP
51 West 52nd St, 9th Floor
New York, NY 10019
(212) 415-9200
silberberg.richard@dorsey.com

*Counsel for Defendant Canon U.S.A., Inc.*