

55 Broadway, 10th Floor
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Mark S. Reich**
mreich@zlk.com

April 6, 2022

Honorable Gary R. Brown, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Leacraft v. Canon U.S.A., Inc.*, Case No. 2:21-cv-05688

Dear Judge Brown:

As counsel for Plaintiff Leacraft ("Plaintiff") in the above-referenced matter, we write in adherence with your Honor's March 30, 2022 Order To Show Cause which stated that Plaintiff's counsel is to submit its position as to whether (1) Plaintiff seeks discovery on the issue of damages; and (2) Any proposed amendment would render the motion ultimately futile.

<u>An Amended Complaint Would Render Defendant's Proposed Motion Moot:</u>

To the extent this Court is inclined to find that, as a result of this Court's decision, Plaintiff has lost standing, Plaintiff respectfully requests that he be given the opportunity to amend his complaint. An amendment would add one or more impacted purchasers from other States, along with those States' consumer fraud statutes, thereby obviating any jurisdictional concerns. *See Edwards v. N. Am. Power & Gas, LLC*, 2016 U.S. Dist. LEXIS 63360, at *3 (D. Conn. May 13, 2016) (court notes giving plaintiff leave to amend complaint to add plaintiffs from other states after only local claims survived a motion to dismiss against a local defendant). Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

We can represent to your Honor that, in addition to Mr. Leacraft, both before and after this litigation was commenced, we have been contacted by or in communication with tens of impacted consumers who reside and purchased the affected products in various States.

Notwithstanding our readiness to amend Plaintiff's complaint, we offer the Court analysis to consider and which would be a part of any motion practice on the jurisdictional issue – as raised in the parties' joint March 22, 2022 letter (Dkt. No. 14). It is well settled that jurisdiction is determined at the outset of the litigation. *See, e.g., LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). In other words, subsequent events do not necessarily divest a district court of its diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-95 (1938) (noting that after removal subsequent change of party's citizenship or reduction of amount in controversy does not oust federal court of jurisdiction). The point at which the requisite diversity must exist is the date the lawsuit is first filed in federal court. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the

time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.").

*Fleisher v. Phoenix Life Ins. Co.*, 997 F. Supp. 2d 230, 238 (S.D.N.Y. 2014) is on point. There, the plaintiff and defendant were both residents of New York. The complaint invoked federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* at 238. The class was decertified, which arguably divested the court of jurisdiction because there was no longer a "class action" within the meaning of CAFA. *Id.* What was left was a breach of contract claim between two New York residents. *Id.* at 239. The court concluded that "[g]iven the unanimity among the Circuit Courts of Appeal on the issue of divestment of jurisdiction—a view supported by the literal language of the statute—I conclude that I have jurisdiction to entertain [plaintiff's] individual claim." *Id.* at 239.

Plaintiff Has Already Sought Discovery Into Damages From Defendant:

To the extent the Court finds that jurisdiction is not determined at the outset of the litigation and that Plaintiff's anticipated amendment would not render this issue moot, Plaintiff should be permitted to seek discovery on the issue of damages. *See Acevado v. Citibank, N.A.,* 2017 U.S. Dist. LEXIS 228559, at *13 (S.D.N.Y. Mar. 19, 2017) (permitting plaintiffs to take discovery as to the putative class as part of jurisdictional discovery into whether the Court lacked subject matter jurisdiction); *see also Starke v. Ups*, 2011 U.S. Dist. LEXIS 172739, at *7 (E.D.N.Y. Jan. 10, 2011) ("To aid the court in ascertaining whether jurisdiction is proper," and show with "a reasonable probability that the class's damages exceed $5 million to invoke subject matter jurisdiction under CAFA," the court ordered the parties to engage in jurisdictional discovery).

As an initial matter, Plaintiff has already sought discovery into damages and the monetary relief owed to Plaintiff individually as well as to the purported class as a whole. On March 15, 2022, before Defendant raised the issue relating to jurisdiction to Plaintiff, Plaintiff served Defendant with his first set of document requests. Several of the requests concern damages. For example, Plaintiff sought documents sufficient to show the sales, revenues, and profits from the sale of All-in-One Printers. Plaintiffs also sought documents sufficient to identify the total number of All-in-One Printers sold in New York. In addition to sales figures and number of products sold, Plaintiff sought documents relating to sales tracking, wholesale and retail pricing, and manufacturing costs for the All-in-One Printers.

While certain of Plaintiff's requests seek discovery relating to damages beyond purchases made in New York, Plaintiff will confer with Defendant to limit the scope of those requests for the purposes of any discovery solely focused on jurisdictional questions.

We thank your Honor for his time and attention to this submission.

Respectfully submitted,

Mark S. Reich