UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
DAVID LEACRAFT, on Behalf of Himself and                     :
All Others Similarly Situated,                               :   Case No. 2:21-cv-05688-GRB
                                                             :
                                    Plaintiff,               :
                                                             :
       v.                                                    :
                                                             :
CANON U.S.A., INC.,                                          :
                                                             :
                                    Defendant.               :
-------------------------------------------------------------x

## **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

DORSEY & WHITNEY LLP

Richard H. Silberberg
Anthony P. Badaracco
Robert G. Manson
Patrick J. Albergo

51 West 52st Street
New York, NY 10019
(212) 415-9200

*Attorneys for Defendant Canon U.S.A., Inc.*

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | | Relevant Complaint Allegations ................................................................................... | 1 |
| II. | | The Court Should Decline to Continue to Exercise Jurisdiction Over This Action. An Amendment to Add a New, Diverse Plaintiff Would Be Futile ................................. | 2 |
| | A. | The Court's Continued Exercise of Jurisdiction Over This Action Would Violate CAFA's "Home State Exception" and Undermine CAFA's Purpose............................................................................................................ | 2 |
| | B. | An Amendment Adding New Plaintiffs Would Be Futile ..................................... | 8 |
| III. | | Plaintiff Cannot Meet His Burden of Alleging Facts Sufficient to Meet CAFA's Amount-in-Controversy Requirement ................................................................... | 10 |
| | A. | The Complaint Alleges No Facts Establishing that the Remaining "Subclass" Purportedly Incurred Aggregate Damages Exceeding $5 Million................................................................................................................ | 10 |
| | B. | Discovery from Canon USA Cannot Provide Plaintiff with Evidence Sufficient to Satisfy CAFA's Amount-in-Controversy Requirement. Extensive Discovery from Third Parties Might, or Might Not, Provide Such Evidence................................................................................................... | 12 |
| IV. | | Conclusion .................................................................................................................. | 14 |

4864-9069-1610\

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraham v. St. Croix Renaissance Group, L.L.P.*,
　719 F.3d 270 (3d Cir. 2013)...................................................................................................4

*Blockbuster, Inc. v. Galeno*,
　472 F.3d 53 (2d Cir. 2006).....................................................................................................10

*Brooke v. United Health Group, Inc.*,
　2007 U.S. Dist. LEXIS 73640 (S.D.N.Y. Sept. 27, 2007).......................................................4

*City of Fishers v. DIRECTV*,
　5 F.4th 750 (7th Cir. 2021) ..................................................................................................4, 8

*Commisso v. PricewaterhouseCoopers LLP*,
　2012 U.S. Dist. LEXIS 105151 (S.D.N.Y. July 27, 2012) ......................................................7

*Del Vecchio v. Metropolitan Transportation Authority*,
　2018 U.S. Dist. LEXIS 175567 (S.D.N.Y. Oct. 10, 2018) ......................................................5

*Gold v. New York Life Insurance Co.*,
　730 F.3d 137 (2d Cir. 2013)....................................................................................................5

*Gordon v. Target Corp.*,
　2022 U.S. Dist. LEXIS 48769 (S.D.N.Y. March 18, 2022) ..................................................11

*Goshen v. Mutual Life Insurance Co.*,
　98 N.Y.2d 314 (2002) .............................................................................................................9

*In re Hannaford Bros. Customer Data Securities Breach Litigation*,
　564 F.3d 75 (1st Cir. 2009)......................................................................................................6

*Hollinger v. Home State Mutual Insurance Co.*,
　654 F.3d 564 (5th Cir. 2011) ...................................................................................................7

*Horn v. Medical Marijuana, Inc.*,
　383 F. Supp. 3d 114 (W.D.N.Y. 2019)....................................................................................9

*Hunter v. City of Montgomery*,
　859 F.3d 1329 (11th Cir. 2017) ...............................................................................................6

*Kennedy v. Mondelez Global LLC*,
　2020 U.S. Dist. LEXIS 124538 (E.D.N.Y. July 10, 2020) ......................................................9

*Kurovskaya v. Project O.H.R., Inc.*,
   251 F. Supp. 3d 699 (S.D.N.Y. 2017)................................................................................5, 7

*Madison v. ADT, L.L.C.*,
   11 F.4th 325 (5th Cir. 2021) .................................................................................................3

*Moore v. IOD, Inc.*,
   2016 U.S. Dist. LEXIS 187414 (S.D.N.Y. March 24, 2016) ...............................................4, 8

*Vodenichar v. Halcon Energy Properties*,
   733 F.3d 497 (3d Cir. 2013)...................................................................................................3

*West v. Metropolitan Transportation Authority*,
   2021 U.S. Dist. LEXIS 18664 (E.D.N.Y. Feb. 1, 2021).......................................................6, 7

**Statutes**

28 U.S.C. § 1332................................................................................................................ *passim*

N.Y. General Business Law § 349..................................................................................... *passim*

N.Y. General Business Law § 350..................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................................6, 7

Senate Judiciary Committee Report, S.R. 109-14 (Feb. 28, 2005)...................................................4

Defendant, Canon U.S.A., Inc. ("Canon USA"), respectfully submits this Response to the Court's March 30, 2022 Order to Show Cause, which directed the parties to respond to certain inquiries posed by the Court arising from the parties' joint letter dated March 22, 2022 (Dkt. No. 14). That letter addressed whether the Court should continue to exercise subject matter jurisdiction over this action in light of the Court's dismissal of the claims asserted by Plaintiff David Leacraft ("Plaintiff"), for breach of express warranty and unjust enrichment.

The two dismissed claims were the only claims that Plaintiff asserted on behalf of a putative nationwide class. The dismissal of those claims has altered the grounds upon which Plaintiff purports to establish the Court's subject matter jurisdiction. Plaintiff's two remaining claims, for violation of N.Y. General Business Law ("GBL") §§ 349 and 350, are expressly alleged on behalf of a putative "subclass" consisting solely of "persons residing in" the State of New York.

The sole basis alleged by Plaintiff for the Court's subject matter jurisdiction is the federal Class Action Fairness Act, 28 U.S.C. §§ 1332, *et al.* ("CAFA"). But what is left of Plaintiff's case runs afoul of the "home state exception" to CAFA, because all that remains are claims asserted pursuant to New York statutory law by a New York plaintiff against a New York defendant on behalf of a putative class consisting entirely of New York residents.

In addition, Plaintiff has not met, and cannot meet, his burden of alleging facts sufficient to establish that, in accordance with CAFA, the aggregate damages sought on his remaining claims exceed $5 million. Nor can this failure be cured by taking discovery from Canon USA.

Accordingly, this Court should decline to continue to exercise jurisdiction over the dispute so that it may proceed (if at all) in a New York state court.

I.  **Relevant Complaint Allegations**

Plaintiff alleges that he is a resident of Queens, New York (*see* Complaint, Dkt. No. 1 at ¶ 7). Plaintiff correctly asserts that Canon USA is a New York corporation having its headquarters

1

and principal place of business in Melville, New York (*see id.* at ¶ 8). The crux of Plaintiff's claims is his allegation that the Canon-brand PIXMA desktop multi-function printer that he purchased from Walmart does not scan documents when its ink cartridges are empty (*see id.* at ¶ 1).[1] The sole and exclusive basis asserted in the Complaint for this Court's subject matter jurisdiction is CAFA (*see id.* at ¶ 10).

By order entered on February 24, 2022 (Dkt. No. 12), the Court granted Canon USA's motion to dismiss two of the four claims asserted in the Complaint (Counts I and IV, for breach of express warranty and for unjust enrichment, respectively). Plaintiff asserted those claims on behalf of a putative class of all persons "in the United States" who purchased one of various enumerated models of Canon-brand desktop multi-function printers (the "Printers") during the relevant time period (Dkt. No. 1, at ¶ 49). The Court denied that portion of Canon USA's motion to dismiss which was addressed to Plaintiff's two remaining claims, for violation of GBL §§ 349 and 350. Plaintiff asserts those claims on behalf of a putative "subclass" consisting of "[a]ll persons residing in New York" who purchased a Printer during the relevant time period (*see id.,* at ¶ 50).

II.  **The Court Should Decline to Continue to Exercise Jurisdiction Over This Action. An Amendment to Add a New, Diverse Plaintiff Would Be Futile**.

  A. **The Court's Continued Exercise of Jurisdiction Over This Action Would Violate CAFA's "Home State Exception" and Undermine CAFA's Purpose**.

Canon USA does not dispute that, on the basis of the allegations originally set forth in the Complaint, this Court appeared to possess subject matter jurisdiction over the action under CAFA. But the Court ruled that the only two counts in the Complaint asserted on behalf of non-New York

---

[1] Canon USA asserts that this central allegation is demonstrably false and, if the action remains in this Court, Canon USA intends to move, at the appropriate time, for summary judgment seeking dismissal of Plaintiff's remaining claims based upon, among other things, indisputable evidence establishing that Plaintiff's printer and similar Canon-brand printer models can and do scan documents when the ink cartridges installed in the printer are empty.

2

residents failed to state a claim upon which relief could be granted. Following the Court's dismissal of those two counts, the Court's continued exercise of jurisdiction over the action would be at odds with the underlying purpose of CAFA, as illustrated by the statute's "home state exception," which is codified at 28 U.S.C. § 1332(d)(4)(B). If the Complaint as filed had alleged only the surviving counts for violation of GBL §§ 349 and 350, the Court would have lacked subject matter jurisdiction and would have been compelled to dismiss.

The "home state exception" to CAFA provides that a district court "shall decline" to exercise subject matter jurisdiction over a putative class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Federal courts have interpreted this provision to be mandatory, rather than discretionary, requiring district courts to either dismiss or remand putative class actions that meet the criteria of the home state exception. *See, e.g., Madison v. ADT, L.L.C.,* 11 F.4th 325, 327 (5th Cir. 2021) (CAFA "provides a number of scenarios in which federal courts must abstain from exercising jurisdiction. The 'home state' exception affords one such scenario, whereby the court must abstain if 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed'" (citations omitted)); *Vodenichar v. Halcon Energy Properties*, 733 F.3d 497, 503 (3d Cir. 2013) ("The home state exception requires a federal court to decline to exercise subject matter jurisdiction in CAFA class actions where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed'" (citation omitted)).[2]

---

[2] CAFA includes other exceptions. One of these, termed the "local controversy exception," provides that a district court "shall decline to exercise jurisdiction" where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which

Congress's purpose in including the home state exception in CAFA was to ensure that cases meeting the exception's criteria "will remain in state courts under the terms of [CAFA], since virtually all of the parties in such cases (both plaintiffs and defendants) would be local, and local interests therefore presumably would predominate."  Senate Judiciary Committee Report, S.R. 109-14 (Feb. 28, 2005), at 35.  As the Seventh Circuit Court of Appeals recently stated in *City of Fishers v. DIRECTV*, 5 F.4th 750 (7th Cir. 2021):

> Congress . . . took care in CAFA to limit the reach of federal jurisdiction to class actions with meaningful interstate ramifications.  In two express exceptions—the local-controversy exception and the home-state exception—Congress refused to extend federal jurisdiction over class actions rooted in a single state.

5 F.4th at 757; *see also, e.g., Abraham v. St. Croix Renaissance Group, L.L.P.*, 719 F.3d 270, 278 (3d Cir. 2013) (CAFA home state exception "assure[s] that aggregate actions with substantial ties to a particular state remain in the courts of that state"); *Moore v. IOD, Inc.*, 2016 U.S. Dist. LEXIS 187414 at *11 (S.D.N.Y. March 24, 2016) (CAFA home state exception is "intended 'to keep purely local matters and issues of particular state concern in the state courts'" (quoting *Brooke v. United Health Group, Inc.*, 2007 U.S. Dist. LEXIS 73640 at *3 (S.D.N.Y. Sept. 27, 2007)).

Where it is readily apparent, either on the face of the complaint or from the evidentiary record, that a defendant and more than two-thirds of a putative class are citizens of the state in

---

the action was originally filed," at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted . . . is a citizen of the State in which the action was originally filed" and "principal injuries" were incurred in that same state.  *See* 28 U.S.C. § 1332(d)(4)(A).  An additional exception, which Congress and the courts have also referred to as a "home state exception," provides that a district court may, in its discretion, decline to exercise jurisdiction over a putative class action under circumstances other than those meeting the criteria of the mandatory home state exception or the local controversy exception.  *See* 28 U.S.C. § 1332(d)(3).  Since the mandatory home state exception, codified at 28 U.S.C. § 1332(d)(4)(B), so clearly applies to what is left of Plaintiff's case, Canon USA addresses only the mandatory exception in this submission.

which the action was brought, federal courts routinely follow CAFA's mandate to decline to continue to exercise subject matter jurisdiction and dismiss or remand actions based upon the home state exception.

For example, in *Kurovskaya v. Project O.H.R., Inc.*, 251 F. Supp. 3d 699 (S.D.N.Y. 2017), the plaintiff commenced a lawsuit in New York state court asserting New York state statutory claims against a New York corporate defendant on behalf of a putative class consisting of "New York residents" employed by the defendant. 251 F. Supp. 3d at 701. Defendant removed the action to federal court, citing CAFA as the basis for the federal court's subject matter jurisdiction. The federal district court granted the plaintiff's motion to remand, relying upon the home state exception to CAFA. Noting that the complaint "states that all class members are 'residents' of the state of New York, which is analogous to 'citizenship' as required under federal law," and holding that it was appropriate to assume that at least two-thirds of a putative class consisting of members providing "home care services to Defendant's clients in the State of New York" were New York citizens, the court held that the home state exception applied, mandating remand. 251 F. Supp. 3d at 701, 703-04.

Similarly, in *Del Vecchio v. Metropolitan Transportation Authority*, 2018 U.S. Dist. LEXIS 175567 (S.D.N.Y. Oct. 10, 2018), the plaintiff commenced a putative class action in federal district court, citing CAFA as the basis for the court's subject matter jurisdiction. Plaintiff contended that the putative class consisted of "all MTA employees who have filed disability claims." 2018 U.S. Dist. LEXIS 175567 at *9. The court, citing evidence submitted by the defendant based upon its internal records indicating that 86 percent of the potential class members "reside in the State of New York," held that the action should be dismissed on the basis of, among other things, the home state exception to CAFA. *Id.* at *9-10. *See also, e.g., Gold v. New York*

5

*Life Insurance Co.*, 730 F.3d 137, 139-143 (2d Cir. 2013) (affirming dismissal of putative class action pursuant to CAFA home state exception); *Hunter v. City of Montgomery*, 859 F.3d 1329, 1335 (11th Cir. 2017) (affirming remand of putative class action based upon home state exception where "[t]he parties agree that two-thirds or more of the members of the proposed plaintiff classes are citizens of Alabama" and the primary defendant "is a citizen of Alabama"); *In re Hannaford Bros. Customer Data Securities Breach Litigation*, 564 F.3d 75, 78 (1st Cir. 2009) (affirming remand of putative class action based upon home state exception where, according to the complaint, "all class members are Florida citizens" and the "only defendant in this case . . . is also a Florida citizen").

Canon USA has been unable to locate reported case law addressing the precise circumstances faced by this Court, *i.e.*, where a court's dismissal of certain claims pursuant to a pre-answer motion under Fed. R. Civ. P. 12(b)(6) leaves the remainder of a putative class action, absent the claims determined by the court to be facially without merit, susceptible to dismissal pursuant to CAFA's home state exception. The most closely analogous case identified by Canon USA is *West v. Metropolitan Transportation Authority*, 2021 U.S. Dist. LEXIS 18664 (E.D.N.Y. Feb. 1, 2021). In that putative class action, the plaintiffs asserted federal and state statutory claims and state common law claims on behalf of rail and subway passengers based upon allegedly unsafe conditions at Long Island Railroad and New York City subway stations. Plaintiffs predicated the court's subject matter jurisdiction upon their federal statutory claims. Defendants successfully moved to dismiss the federal statutory claims under Rule 12(b)(6). The court then declined to continue to exercise subject matter jurisdiction over the remaining New York state law claims, dismissing the action in its entirety.

6

4864-9069-1610\

In *West*, plaintiffs unsuccessfully argued that, although the originally pleaded statutory basis for the court's subject matter jurisdiction was no longer available, the federal district court possessed subject matter jurisdiction over the action pursuant to CAFA. The court rejected this argument, pointing out that the home state exception to CAFA applied. The court noted that "defendants are all New York residents," and accepted defendants' assertion that "nearly all users of the Long Island Rail Road, and a large majority of users of the New York City subway are New York Residents." 2021 U.S. Dist. LEXIS 18664 at *12-13 (quoting *Commisso v. PricewaterhouseCoopers LLP*, 2012 U.S. Dist. LEXIS 105151 at *4 (S.D.N.Y. July 27, 2012), for the proposition that "the Court may make 'reasonable assumptions about the makeup of the putative class'").

In this case, as in *West,* the basis alleged in the Complaint for the Court's subject matter jurisdiction has been negated by the dismissal of claims pursuant to a Rule 12(b)(6) motion. This case now involves a plaintiff who is a New York citizen, asserting claims pursuant to New York statutory law against a defendant that is also New York citizen, on behalf of a putative class that, according to the Complaint, consists entirely of "New York residents."[3] Accordingly, there can be no better example than this case of a class action "rooted in a single state" involving "purely local

---

[3] Although the CAFA home state exception expressly states that it applies when at least two-thirds of the putative class members are "citizens" of the state in which the action was filed, and the Complaint refers to the putative class as consisting of "New York residents" rather than "New York citizens," there is no basis upon which to draw a distinction between the terms "residents" in the Complaint and "citizens" in CAFA. *See Hollinger v. Home State Mutual Insurance Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (holding with respect to CAFA that "[e]vidence of a person's place of residence . . . is prima facie proof of his domicile [*i.e.,* citizenship]"); *Kurovskaya*, 651 F. Supp. at 701 (holding that the term "residents" is "analogous to 'citizenship' as required under federal law" as applied to the CAFA home state exception); *West*, 2021 U.S. Dist. LEXIS 18664 at *12-13 (accepting allegations that defendants and putative class members were New York "residents" as sufficient to trigger CAFA's home state exception).

7

matters." *See City of Fishers v. DIRECTV*, 5 F.4th 750, 757 (7th Cir. 2021); *Moore*, 2016 U.S. Dist. LEXIS 187414 at *11.

Canon USA respectfully submits that, as in the cases discussed, the Court should conclude that continuing to exercise subject matter jurisdiction over the action would undermine the purposes of CAFA. The fact that the Complaint originally included two unmeritorious claims which appeared to meet CAFA's jurisdictional requirements does not warrant disregarding CAFA's home state exception. This dispute is now between non-diverse New York parties over claims arising solely under New York statutory law, pursued on behalf of a New York-only putative class. It does not belong in federal court.

**B.    An Amendment Adding New Plaintiffs Would Be Futile.**

The parties' joint March 22, 2022 letter contains a statement indicating that "[s]hould the Court determine that it no longer has jurisdiction, [Plaintiff] would ask [the Court] for permission to amend the complaint, so that he can add out-of-state plaintiffs," *i.e.*, non-New York residents. The Court has inquired of Canon USA, "[w]hether plaintiff's proposed amendment would render [Canon USA's] anticipated motion [to dismiss for lack of subject matter jurisdiction] futile." The answer to the Court's inquiry is "no."

The naming of one or more out-of-state plaintiffs should have no impact upon the Court's analysis of whether the Court should continue to exercise subject matter jurisdiction over the case. The home state exception to CAFA focuses solely upon the citizenship of the defendant and of the putative class members. *See* 28 U.S.C. § 1332(d)(4)(B). Adding one or two non-New York citizens as named plaintiffs would not alter the fact that this action is essentially a dispute between New York citizens that does not belong in federal court.

Moreover, controlling case law establishes that there are likely to be very few, if any, non-New Yorkers who are capable of successfully alleging claims under GBL §§ 349 or 350 on behalf

8

of either themselves or the putative class.  It is well-established that GBL §§ 349 and 350 only apply to retail purchases that occur within New York, and to advertising or other representations made and received in New York.  *See Goshen v. Mutual Life Insurance Co.*, 98 N.Y.2d 314, 324-25 (2002) (for GBL § 349 to apply, "the transaction in which the consumer is deceived must occur in New York" . . . "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York"); *Kennedy v. Mondelez Global LLC*, 2020 U.S. Dist. LEXIS 124538 at *24-25 (E.D.N.Y. July 10, 2020) (named plaintiffs in putative consumer class action who saw alleged misrepresentations and purchased product in New York stated claims under GBL §§ 349 and 350; named plaintiffs who saw alleged misrepresentations and purchased product outside New York failed to state GBL claim); *Horn v. Medical Marijuana, Inc.*, 383 F. Supp. 3d 114, 128 (W.D.N.Y. 2019) ("Sections 349 and 350 are not intended to regulate New York businesses or protect New York residents solely on the basis of their residency; they are intended to police consumer transactions that 'take place in New York State,' regardless of the residency of the parties" (citation omitted)).

Accordingly, to have standing to assert claims under GBL §§ 349 and 350, any new "out-of-state" plaintiff would need to truthfully allege that he or she traveled into New York from a state outside of New York, and that while present in New York, he or she saw a specific false advertisement concerning a Printer and/or purchased a Printer in New York in reliance upon such an advertisement.  But even in the highly unlikely event that Plaintiff could identify a person meeting these criteria who would be willing to join the case, that *still* would not be enough to escape CAFA's home state exception and justify the Court's continued exercise of jurisdiction

9

over the action.[4] Even if one, or a handful, of citizens of other states were to appear in this action and assert cognizable GBL claims, the fact remains that Canon USA still would be a New York citizen, and the putative class would still consist almost entirely of New York residents, meaning that CAFA's home state exception would still apply.[5]

### III. Plaintiff Cannot Meet His Burden of Alleging Facts Sufficient to Meet CAFA's Amount-in-Controversy Requirement.

#### A. The Complaint Alleges No Facts Establishing that the Remaining "Subclass" Purportedly Incurred Aggregate Damages Exceeding $5 Million.

The Court has asked Canon USA "to provide the factual basis for its contention [in the parties' March 22, 2022 joint letter] that the amount in controversy is less than $5 million."[6] The answer is three-fold.

First, the number of putative class members has been drastically reduced in the wake of the Court's dismissal of the nationwide class claims.

---

[4] Currently, 100% of "the members of all proposed plaintiff classes in the aggregate, and the" *only* defendant, let alone the "primary defendant[], are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The addition of one or more "out-of-state" plaintiffs having standing to assert claims under GBL §§ 349 and 350 would bring that percentage down to something like 99.99%, obviously well above the "two thirds" necessary to invoke CAFA's home state exception.

[5] Canon USA assumes that Plaintiff's reference to adding "out-of-state plaintiffs" means non-New York plaintiffs who would assert claims pursuant to GBL §§ 349 and/or 350. If that is not the case, Canon USA would not be able to determine the impact of such an amendment until it could review and analyze the allegations of the amended pleading.

[6] Canon USA notes that Plaintiff bears the burden of alleging and proving facts sufficient to establish jurisdiction under CAFA. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Plaintiff originally styled this case as a nationwide class action asserted on behalf of purchasers of millions of Printers. But the nationwide class claims have been dismissed, and the only putative class members whom Plaintiff currently purports to represent are New York residents who purchased a Printer. There are no facts in the Complaint supporting the possibility that the "subclass" which Plaintiff purports to represent suffered more than $5 million in damages, as required to properly invoke federal subject matter jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

10

Second, Canon USA understands that Plaintiff intends to measure the damages sustained by putative class members on an "overpayment" or "price premium" basis. The legal requirements for establishing such damages pursuant to GBL §§ 349 and 350 law are restrictive, requiring both allegations and proof that the overpayment or price premium resulted from the putative class member's reliance upon a specific false advertisement at the time of purchase. As recently discussed in *Gordon v. Target Corp.*:

> 'An actual injury claim under §§ 349 and 350 typically requires a plaintiff to allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.' . . . 'A plaintiff can show this injury by alleging "an overpayment, or a price premium, whereby a plaintiff pays more than she would have but for the deceptive practice."' However, 'to allege injury under a price premium theory, a plaintiff must allege not only that the defendants charged a price premium, but also that there is a connection between the misrepresentation and any harm from, or failure of, the product.'

2022 U.S. Dist. LEXIS 48769 at *38-39 (S.D.N.Y. March 18, 2022) (internal citations and brackets omitted). Consequently, even if Plaintiff were to prevail on his claim that his Printer cannot scan when its ink cartridges are empty (which, as noted at p.2 n.1, Canon USA maintains is demonstrably baseless), a putative class member whom he purports to represent potentially could only recover an amount equal to the difference in value between a Printer that can scan without ink and one that cannot. And such class member could only recover such an amount if he or she could establish a causal connection between the overpayment or price premium and a specific, false advertisement or representation that the class member relied upon at the time of purchase.

Third, even in the highly doubtful event that a putative class member were to prevail on liability, any recovery would be highly unlikely to exceed a tiny fraction of the purchase price of a Printer. The Printers are generally small, desktop machines sold at prices affordable to most

11

consumers.[7] Plaintiff does not dispute that his Printer (1) prints, (2) copies, and (3) scans when there is ink in its cartridges. The value of the multiple functions that Plaintiff's Printer *can* perform necessarily dwarfs the value of the sole function that, in a single circumstance, the Printer allegedly *cannot* perform.

Taking into account (1) the stringent requirements for proving *any* damages under GBL §§ 349 or 350, (2) the minimal fractional value of any purported overpayment or premium, and (3) the absence of any allegations in the Complaint from which it reasonably can be inferred that millions of Printers were sold to New York residents during the applicable time period, Canon USA submits that the amount in controversy with respect to the claims asserted on behalf of the remaining New York "subclass" is less than $5 million.

     **B.**     **Discovery from Canon USA Cannot Provide Plaintiff with Evidence Sufficient to Satisfy CAFA's Amount-in-Controversy Requirement. Extensive Discovery from Third Parties Might, or Might Not, Provide Such Evidence.**

The Court has asked Canon USA "[w]hy plaintiff is not entitled to discovery related to damages prior to adjudication of this issue." While the Court can afford Plaintiff the opportunity to conduct discovery relating to potential damages prior to the Court's determination whether to continue to exercise subject matter jurisdiction over the case, taking discovery from *Canon USA* would not enable Plaintiff to make the necessary showing that potential damages exceed $5 million. More specifically, Canon USA is not in possession of data that would enable Plaintiff to quantify the Printers that were sold at retail in New York during the applicable time period.

---

[7] Plaintiff does not allege the amount that he paid to Walmart when he purchased his Printer in 2021, but the model that he bought is currently offered on Walmart's website for $49.00, and has been available on Walmart's website in the last five months for as little as $29.00.

12

Canon USA markets Printers primarily on a wholesale basis, principally to large resellers like Walmart, Amazon, Best Buy, Staples, and the like.[8] With minor exceptions, Canon USA ships the Printers to its resellers' warehouse locations throughout the United States. Canon USA has no record (and no knowledge) of where the Printers ultimately are sold at retail after they are delivered to the resellers' warehouses. Nor does Canon USA maintain an internal database that would enable Plaintiff (or anyone else) to determine the number of Printers sold at retail in New York and/or to New York residents.

Accordingly, taking discovery from Canon USA would not enable Plaintiff to remedy his failure to allege facts sufficient to identify the number of Printers sold to New York residents during the relevant time period. Nor would discovery from Canon USA enable Plaintiff to determine the retail purchase prices paid to resellers for the Printers, or the fractions of such prices that Plaintiff will claim are the measure of potential damage recoveries.

Plaintiff may be able to obtain at least some relevant data by taking non-party discovery, via subpoena, from resellers that purchase Printers from Canon USA for resale in New York. These third parties might maintain records that would provide Plaintiff with data concerning the number of Printers that have been sold in New York and the retail prices that were charged. But Canon USA is in no position to opine as to which, if any, of its numerous resellers maintain the types of records and data that could be useful to Plaintiff in this regard.

Canon USA submits that, even if Plaintiff were capable of obtaining relevant data from third parties, engaging in such non-party discovery would be futile since the fruits of such discovery would not impact the primary ground upon which the Court should decline to continue to exercise jurisdiction over the action. Regardless of whether Plaintiff can utilize non-party

---

[8] Canon USA sells a small percentage of the Printers directly to consumers online.

13

discovery to allege facts sufficient to satisfy CAFA's amount-in-controversy requirement for the remaining New York "subclass," this action will remain a dispute governed by New York statutory law between a New York plaintiff, purportedly acting on behalf of a New York-only putative class, and a New York defendant. Such discovery will not alter the inescapable conclusion that the case belongs in New York state court.

### IV. Conclusion

For the foregoing reasons, Canon USA respectfully submits that the Court should decline to continue to exercise subject matter jurisdiction over the action, and should dismiss the case so it can proceed, if at all, in a New York state court.

Dated: New York, New York
April 6, 2022

Respectfully submitted,

DORSEY & WHITNEY LLP

_____
Richard H. Silberberg
Anthony P. Badaracco
Robert G. Manson
Patrick J. Albergo

51 West 52st Street
New York, NY 10019
(212) 415-9200

*Attorneys for Defendant Canon U.S.A., Inc.*

14