

55 Broadway, 10th Floor<br>
New York, NY 10006<br>
T: 212-363-7500<br>
F: 212-363-7171<br>
www.zlk.com<br><br>
**Mark S. Reich**<br>
mreich@zlk.com

April 27, 2022

**VIA ECF**
Honorable Gary R. Brown, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Leacraft v. Canon U.S.A., Inc.*, Case No. 2:21-cv-05688

Dear Judge Brown:

    We write in connection with your Honor's Order from this past Friday, April 22, 2022, in which the Court dismissed the instant action, notably without leave to amend the complaint. Prior to filing this letter, we met and conferred with counsel for Canon.[1]

    Plaintiff Leacraft respectfully submits this clarification as to how and why an amended complaint would not be futile and would address any concern the parties or this Court has with respect to subject matter jurisdiction. We thought it prudent to write to the Court before briefing a motion for reconsideration, or before filing a new action naming consumer-plaintiffs who made purchases – and will seek to represent a class of purchasers – in at least one other State other than New York, with consumer fraud statutes unique to that State.

    In the Order, Your Honor stated that "it is unquestionable that more than two-thirds of the plaintiff class will consist of New York residents" and that "counsel's offer to amend to include several out-of-state plaintiffs . . . does nothing to alter this conclusion and renders any amendment futile." Your Honor therefore exercised his discretion to decline jurisdiction. However, the addition of a named plaintiff from another State, let alone multiple States[2], and the addition of corresponding consumer protection claims from those states, would result in at least half (and likely more than half) of the class to consist of non-New York residents. This, in effect, would satisfy subject matter jurisdiction. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386-392 (2d Cir. 2021) (finding that a case should not be dismissed for want of subject-matter jurisdiction so long as a real party in interest materializes and has standing itself to ratify, join or be substituted into an action within a reasonable time); *Hnot v. Willis Group Holding, Ltd.*, 2004 U.S. Dist. LEXIS 15734, at *6-7 (S.D.N.Y. August 10, 2004) (allowing plaintiff to amend complaint to add state law claims which do not require additional discovery and do not prejudice defendants or efficient administration of justice); *Edwards v. N. Am. Power & Gas, LLC*, 2016 U.S. Dist. LEXIS 63360, at *3 (D. Conn. May 13, 2016) (directing the plaintiff to file an amended complaint to address the court's concerns

---

[1] Canon does not join this application.
[2] We are poised to add multiple consumers who purchased an Affected Product – and would represent the interests of similarly situated consumers in States other than New York.

LEVI&KORSINSKYLLP

April 27, 2022
Page 2 of 2

about its subject matter jurisdiction after only local claims survived a motion to dismiss against a local defendant).

While this Court's dismissal was "without prejudice to refiling in an appropriate state court," to the extent additional consumers, from States other than New York, join Plaintiff Leacraft in a State Court Complaint, that case would be immediately subject to removal to Federal District Court. From a practical perspective, therefore, the parties and this Court would be best served by the filing of the proposed amended complaint.

We thank your Honor for his time and attention to this request for reconsideration of the portion of this Court's Order precluding Plaintiff from filing an amended complaint.

                                                                                   Respectfully submitted,

                                                                                   Mark S. Reich